# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Debra O'Donnell, *et al.*,    Case No. 3:17CV2657

    Plaintiffs

       v.    ORDER

G. Michelle Yezzo, *et al.*,

    Defendants

    This is a civil rights case.

    Plaintiffs Debra O'Donnell and Sherry Parsons, who are sisters, bring claims arising out of their late father's conviction, which an Ohio state court vacated, for murdering his wife. In the complaint, plaintiffs raised representative substantive due process claims pursuant to 42 U.S.C. § 1983 against the City of Norwalk, Ohio, plus four individual defendants: G. Michelle Yezzo, a forensic scientist at the Ohio Bureau of Criminal Investigation (BCI), Daniel Cappy, BCI Laboratory Director; John Lenhart, BCI Superintendent; and Michael White, a Norwalk Police Detective. Plaintiffs also raised representative and individual state law claims against the individual defendants.

    Now pending is plaintiffs' motion to compel the Huron County, Ohio, Court of Common Pleas to release grand jury transcripts (Doc. 19) from the deceased father's state court

proceeding.[1] Non-party Huron County Court of Common Pleas (the Huron County Court) opposes. (Doc. 21).

For the reasons that follow, I deny the motion.

**Background**

In 1993, a Huron County Common Pleas Court jury convicted plaintiffs' deceased father, James Parsons, of murdering his wife, plaintiffs' mother. (Doc. 1 at 10, ¶¶ 50-51). After serving twenty-three years in prison, he moved for post-conviction relief, and on April 21, 2016, the trial court vacated his conviction and ordered a new trial. (*Id.* at 13, ¶ 64).

**A. Facts**

The events leading to the conviction began on February 12, 1981, when plaintiff Sherry Parsons found her mother in her bedroom, beaten to death. (*Id.* at 5, ¶¶ 19-20). A police investigation revealed that a half-inch Craftsman breaker bar was the murder weapon. The Norwalk Police Department recovered two such breaker bars, but forensic testing linked neither breaker bar to the murder. (*Id.* at 6-7, ¶ 26). Despite a year-long investigation, the Department filed no charges. (*Id.* at 7, ¶ 27).

More than ten years later, defendant Detective White reopened the case. White handled the physical evidence from the investigation, including sheets from the bedroom, Mrs. Parsons's nightgown, and the two breaker bars. (*Id.* at 7, ¶¶ 28, 30).

White submitted this evidence, choosing one of the two breaker bars, to four different forensic investigative agencies, including BCI. (*Id.* at 7-8, ¶¶ 31-33). The breaker bar White

---

[1] Also pending is plaintiffs' motion for leave to file an amended reply. (Doc. 24). In that motion, plaintiffs seek to change a reference to Rule 45 of Civil Procedure in their reply to Rule 6(e) of the Federal Rules of Criminal Procedure. (Doc. 24). I grant their unopposed motion.

submitted apparently was not the murder weapon, and plaintiffs allege White knew as much. (*Id.* at 8-9, ¶¶ 34-35, 43-44). The investigative agencies reached inconclusive results. (*Id.* at 7-8, ¶¶ 31-32).

White next resubmitted the evidence to BCI, thereby engaging Yezzo's services. Yezzo's findings connected the breaker bar to the imprints on the sheet. (*Id.* at 8, ¶ 33). She claimed that she observed on the sheet mirror images of the letters "N" and "S" from the breaker bar's handle and unique markings from the breaker bar's end. (*Id.* at ¶ 36). Yezzo testified about her findings at grand jury proceedings and the murder trial. (*Id.* at 9-10, ¶¶ 45, 48-49).

O'Donnell and Parsons allege that Yezzo's investigation was flawed. First, they allege that White knowingly turned over the wrong breaker bar for testing. (*Id.* at 9, ¶ 43). Second, they allege that Yezzo used unreliable testing methods and skewed her results to please Detective White. Moreover, Yezzo's personnel file at BCI indicated that she was known to "stretch the truth to satisfy a department" and that she showed signs of mental instability. (*Id.* at 2, ¶ 1).

The prosecution did not turn over Yezzo's personnel file to the accused father's attorney before or during the murder trial. (*Id.* at 11, ¶ 52). On the father's post-trial motion to vacate his conviction, the state court judge found that "this evidence could have been very useful to the defense in its cross-examination of Ms. Yezzo." [2] Citing Yezzo's unreliability, the judge vacated the conviction. (*See* Attachment A).

---

[2] I take judicial notice of the state court opinion on the motion for new trial and the Huron County Court docket in the father's case. *See Huff v. FirstEnergy Corp.*, 972 F. Supp. 2d 1018, 1028-29 (N.D. Ohio) (Lioi, J.) ("Court rulings . . . are matters of public record, and matters of which a court may properly take judicial notice). The state court opinion is attached hereto as Attachment A.

### B. The Grand Jury Records Request

Plaintiffs seek transcripts from the grand jury proceedings that led to their fathers' indictment. (*See* Doc. 19). During a status conference held on April 30, 2018, I instructed plaintiffs to request the transcripts from the Huron County Court. (Doc. 18). In an email response to plaintiffs' request, the Huron County Prosecuting Attorney refused to provide plaintiffs "with either the stenographer's notes or a transcript of the . . . grand jury proceedings." (Doc. 19-1).[3]

Thereafter, plaintiffs filed their motion.

### C. The November 26, 2018 Order

In a November 26, 2018 opinion, 2018 WL 6169283, I dismissed all claims against Yezzo, Cappy, and Lenhart and some of the claims against White and the City. (Doc. 30). The following claims remain: O'Donnell's representative claim against the City and White for withholding exculpatory evidence (the *Brady* claim); O'Donnell's representative claims against White for intentional infliction of emotional distress and wrongful death; and plaintiffs' personal claim against White for loss of consortium. (*See id.*).

### Discussion

"Th[e] indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity," that is, a "particularized need." *U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 681 (1958) (internal quotations and citation omitted).

Plaintiffs and the Huron County Court dispute whether plaintiffs' motion is procedurally proper and whether plaintiffs have shown a particularized need for the grand jury materials.

---

[3] The prosecuting attorney also informed plaintiffs that the "Grand Jury proceedings had not been transcribed," but that the stenographer's notes still exist. (Doc. 19-1). Because the stenographer's notes are not transcribed, I refer to the materials plaintiffs seek as the "grand jury materials."

### A. Plaintiffs' Motion Is Properly Before This Court

The parties dispute whether I may rule on plaintiffs' motion. The Huron County Court argues that I must deny the motion because 1) plaintiffs did not serve a subpoena on that court and 2) plaintiffs did not petition that court for the transcripts. I disagree.

### 1. Plaintiffs Need Not Serve a Subpoena on the Huron County Court

The Huron County Court argues that Rule 45 of the Federal Rules of Civil Procedure requires plaintiffs to serve a subpoena for the grand jury materials. Plaintiffs respond that Rule 45 does not apply to requests for grand jury materials. I agree with plaintiffs.

Generally, "a party seeking to compel production of documents from a nonparty must do so by subpoena." *Nationwide Life Ins. Co. v. Keene*, 2013 WL 1499525, *2 (E.D. Mich.) (citing (Fed. R. Civ. P. 45). But separate procedural rules apply when a party seeks grand jury materials. *See Wheatt v. City of East Cleveland*, 2017 WL 3392485 (N.D. Ohio) (Gwin, J.) (applying Federal Rules of Criminal Procedure to request for grand jury transcripts) (internal citation omitted). Indeed, neither the Ohio nor the Federal Rules of Criminal Procedure requires parties to serve a court with a subpoena for grand jury transcripts. *See* Fed. R. Crim. P. 6(e)(3)(F)-(G); Ohio R. Crim. P. 6(E).

Moreover, the Huron County Court has not identified any cases where a court required a party requesting grand jury materials to use a subpoena. Indeed, none of the cases the Huron County Court cites involved a request to a court for grand jury material. (*See* Doc. 21 at 2-3 (citing *Harco Nat'l Ins. Co. v. Sleegers Eng'g, Inc.*, 2014 WL 5421237 (request for exemplar from business); *Nationwide Life Ins. Co.*, *supra*, 2013 WL 1499525 (request for documents from police department); *Shipes v. Amurcon Corp.*, 2012 WL 1183686 (E.D. Mich.) (request for audio tapes from individual)).

5

Accordingly, plaintiffs need not serve the Huron County Court with a subpoena for the grand jury materials.

**2. This Court May Rule on Plaintiffs' Motion**

The Huron County Court argues that I must dismiss plaintiffs' motion because plaintiffs must petition that court for the grand jury materials. Plaintiffs argue that, because they already requested the materials from the Huron County Court, they need not file such a petition. Plaintiffs further argue that I am in a better position than the Huron County Court to determine the need for the transcripts.

I agree with plaintiffs that I need not dismiss their motion for failure to petition the Huron County Court for the grand jury materials.

Under Federal Rule of Criminal Procedure 6(e)(3)(F), a party seeking grand jury materials must file a petition in the court "where the grand jury convened."[4] Further, "the interest of comity toward the state court justice system" generally requires "a federal court [to] submit requests for grand jury materials to the court that supervised the grand jury in the first place." *Noffsinger v. Landers*, 196 F. Supp. 746, 755 n.8 (N.D. Ohio 2016) (Carr, J.) (internal citations omitted); *see also Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 225 (1979).

The Supreme Court has explained, however, that "the judges of the court having custody of the grand jury transcripts will have no firsthand knowledge of the litigation in which the

---

[4] The Huron County Court argues in its brief, at length, that I should apply Ohio law, not the Federal Rules of Criminal Procedure. (Doc. 21 at 3-5). But "federal courts are not bound by Ohio's rule on grand jury transcript production." *Wheatt*, *supra*, 2017 WL 3392485 at *2. Moreover, in arguing that Ohio law applies, the Huron County Court seeks the relief prescribed in the federal rules: that I deny plaintiffs' motion and require plaintiffs to file "a petition to the court which supervised [the] grand jury." (Doc. 21 at 3 (quoting *In re Petition for Disclosure of Evidence Presented to Franklin Cty. Grand Juries in 1970*, 407 N.E.2d 513, 518 (1980) (applying *Douglas Oil*'s reasoning in state civil case))). Applying Ohio law, then, would not change my analysis.

transcripts allegedly are needed" where the subsequent litigation sits in another court. *Douglas Oil Co.*, *supra*, 441 U.S. at 226. "In those instances, . . . it makes little sense to require the supervisory court to weigh whether the transcripts should be disclosed." *Wheatt*, *supra*, 2017 WL 3392485 at *2 (citing *id.*).

The Huron County Court "is not in the best position to determine whether the grand jury material should be disclosed." *Id.* That court is unfamiliar with the pending civil litigation. Indeed, its only connection to the case is its grand jury supervision, which ended over twenty-five years ago.

Also, plaintiffs already asked the Huron County Court for the grand jury material. The prosecuting attorney, acting as statutory counsel, denied their request without explanation. (*See* Doc. 19-1).

Under these circumstances, I find that this court may make the disclosure determination.

### B. Plaintiffs Have Not Shown Particularized Need for the Grand Jury Materials

To demonstrate a particularized need, plaintiffs must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co.*, *supra*, 441 U.S. at 222.

In their motion, plaintiffs argue that "the grand jury proceedings [are] especially important" to their claims that "Mr. Parsons' indictment was a result of Defendants' withholding of exculpatory evidence, falsifying evidence, failure to investigate exculpatory evidence, and malicious prosecution." (Doc. 19 at 2). They request the grand jury materials "to assess the scope and accuracy of" their allegations. (*Id.*).

7

The Huron County Court argues that plaintiffs' motion amounts to "mere speculation of perjury" and "conjecture." (Doc. 21 at 6 (internal citations omitted)). Plaintiffs, on reply, respond that they need the grand jury materials to prove an element of their now-dismissed malicious prosecution claim, *i.e.*, that no probable cause existed to indict their father. (Doc. 23 at 5-6 (citing *Wheatt*, *supra*, 2017 WL 3392485 at *2 (ordering grand jury transcripts' release in malicious prosecution case); *Rodriguez v. City of Cleveland*, 2009 WL 864205 at *4-5 (same)). They do not explain how or whether the grand jury materials would support any claims that remain pending after my November 26 order.[5] Accordingly, their motion is moot.

---

[5] Plaintiffs reference the *Brady* claim against White in their motion, but they do not connect the grand jury materials to any of the factual allegations in the complaint underlying that claim. (*See* Doc. 19 at 2). Presumably, deposing White would confirm those allegations' accuracy – including whether White purposely supplied Yezzo the wrong breaker bar (*see* Doc. 1 at 8, ¶ 35) or engaged Yezzo because of her reputation (*see id.* at 8, ¶ 33). The grand jury materials, however, are unrelated to these allegations. Moreover, plaintiffs do not allege that White testified before the grand jury.

**Conclusion**

It is, therefore,

ORDERED THAT

1. Plaintiffs Debra O'Donnell and Sharon Parsons's motion to for leave to file an amended reply to the Huron County Common Pleas Courts' memorandum in opposition to plaintiffs' motion to compel release of grand jury transcripts (Doc. 24) be, and the same hereby is, granted; and

2. Plaintiffs Debra O'Donnell and Sharon Parsons's motion to compel release of grand jury transcripts (Doc. 19) be, and the same hereby is, denied, without prejudice to plaintiffs' right to renew said motion when and as they can show particularized need.

So ordered.

/s/ James G. Carr<br>Sr. U.S. District Judge