IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Debra O'Donnell, *et al.*,                                    Case No. 3:17-cv-02657-JGC

    Plaintiffs

    v.                                                                                  **ORDER**

G. Michele Yezzo, *et al.*,

    Defendants.

    This is a civil rights case under 42 U.S.C. § 1983. On June 2, 2023, I granted in part and denied in part Plaintiff's and Defendant's cross-motions for summary judgment. (Doc. 128). Plaintiff's § 1983 *Brady* and fabrication-of-evidence claims survived. (*Id.*). On June 27, 2023, the parties stipulated to dismissal of the *Brady* claim, and I ordered the same – leaving only the fabrication-of-evidence claim. (Doc. 130).

    Now pending is Defendant's Motion for Leave to File Second Summary Judgment Motion. (Doc. 134). Plaintiff opposes the Motion (Doc. 135), and I find that no further briefing is necessary. For the following reasons, I deny the Motion.

    The reason for Defendant's Motion is a "newly discovered" 1993 Ohio Bureau of Criminal Investigations Handbook. (Doc. 134, pgID 5235). During a July 5, 2023 status conference, Defendant alerted me to this discovery. Defendant argues that the Handbook sets forth the relevant "standard of care for forensic analysis" in 1993 and that she did not breach that standard of care. (*Id.*, pgID 5236).

    Defendant further argues that this evidence warrants summary judgment in her favor regarding the fabrication-of-evidence claim. Indeed, I had denied Defendant's motion for

summary judgment on Plaintiff's fabrication-of-evidence claim, in large part, because Plaintiff had produced an expert report indicating that the Defendant's conduct in investigating Plaintiff's case was "well beyond" that of a reasonable forensic examiner in 1993. (Doc. 128, pgID 5198). Such evidence is sufficient to create a reasonable inference that a defendant fabricated evidence. *See Gregory v. City of Louisville*, 44 F.3d 725, 744 (6th Cir. 2006).

Defendant has not explained why she only discovered the Handbook in or around July 2023 – approximately nine months after dispositive motions were due and approximately ten months after the close of discovery.

A party may successfully move to modify a scheduling order for dispositive motions "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "primary" indicator of good cause is the moving party's demonstrable "diligence in attempting to meet the case management order's requirements." *See Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (internal quotations omitted). "Another relevant consideration is possible prejudice to the party opposing the modification." *Id.*

Defendant has not indicated why she only recently discovered the Handbook despite any diligent attempts to do so prior to the close of discovery. Nor has she explained why the Handbook was previously unavailable or undiscoverable. These circumstances are sufficient to justify denial of the Motion. *See Wilson v. Hill*, No. 2:08-CV-552, 2012 WL 5511117, at *2 (S.D. Ohio Nov. 13, 2012) (finding that the movant failed to establish diligence in meeting case schedule requirements when there was "no indication" that evidence "was not available to defendant prior to the discovery completion or dispositive motions deadlines").

Additionally, granting Defendant's Motion would prejudice Plaintiff because a second motion for summary judgment would be futile and only serve to delay the case. *See Longnecker*

2

*v. Three Little Pigs*, LLC, No. 1:05 CV 735, 2006 WL 1207945, at *1 (N.D. Ohio May 2, 2006) (Gaughan, J.) (denying defendant's request to file a second motion for summary judgment because it was "untimely and futile"). At most, the Handbook illustrates that there is a disputed issue of fact regarding Defendant's compliance with the standard of care expected from a forensic examiner in 1993. Plaintiff has produced evidence indicating that Defendant fell well short of that standard; Defendant has produced evidence to the contrary. Defendant's alleged fabrication of evidence is therefore in dispute, and she is not entitled to summary judgment on it. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

## Conclusion

For the reasons I give *supra*, Defendant's new evidence does not warrant a second motion for summary judgment. *See also Spengler v. Worthington Cylinders*, 514 F. Supp. 2d 1011, 1021 (S.D. Ohio 2007) (denying leave to file a second motion for summary judgment after discovery was closed and the dispositive motion deadline passed).

It is, therefore, ORDERED that Defendant's Motion (Doc. 134) be denied.
So ordered.

/s/ James G. Carr
Sr. U.S. District Judge